HANSON BRIDGETT LLP
SUSAN G. O'NEILL - 115133
soneill@hansonbridgett.com
GARNER K. WENG - 191462
gweng@hansonbridgett.com
425 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

HANSON BRIDGETT LLP
CHRISTINA M. NUGENT - 199646
cnugent@hansonbridgett.com
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348

Attorneys for Plaintiff
BLUE DIAMOND GROWERS, a California Corporation

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE DIAMOND GROWERS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS BEST SMOKEHOUSE, INC., a Texas corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Blue Diamond Growers, a California corporation, brings this action against Defendant Texas Best Smokehouse, Inc., a Texas corporation, for federal trademark infringement, false designation of origin, common-law trademark infringement and unfair competition, and dilution.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action

- 1 -

under Title 28 of the United States Code, Sections 1338(a) (Acts of Congress relating to trademarks) and 1338(b) (unfair competition joined with trademark law), and Title 15 of the United States Code, Sections 1121 *et seq.* (the Lanham Act). This Court also has federal question jurisdiction pursuant to Title 28 of the United States Code, Section 1331, because this action arises under the laws of the United States; and this Court has diversity jurisdiction under Title 28 of the United States Code, Section 1332, because the parties to this action are citizens of different States, with the matter in controversy exceeding the sum or value of $75,000. Additionally, the Court has jurisdiction over Plaintiff's state-law and common-law claims under Title 28 of the United States Code, Sections 1338(b) (unfair competition joined with a substantial and related claim under trademark law) and Section 1367(a) (supplemental jurisdiction).

2. Venue is proper in this district under Title 28 of the United States Code, Sections 1391(a)(2) and (b). Namely, and among other things, a substantial part of the property that is subject of this action is situated within this District, and the harm alleged herein was directed to and felt by Plaintiff within this District.

## PARTIES

3. Plaintiff Blue Diamond Growers is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1802 C Street, Sacramento, California.

4. Plaintiff is informed and believes and on that basis alleges that Defendant Texas Best Smokehouse, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business in 105 YMCA Drive, Waxahachie, Texas.

## BACKGROUND OF BLUE DIAMOND GROWERS

5. Founded in 1910, Plaintiff Blue Diamond Growers is recognized worldwide as a premier food company. It is the world's largest tree nut processing and marketing company—and processes nearly one-third of the world's crop of almonds annually. Its collective almond crop is valued at over $1 billion annually; and it markets its almonds to

all 50 states and more than 90 foreign countries, including under its world-famous BLUE DIAMOND® marks.

6. Blue Diamond Growers has developed, marketed, and achieved national retail success with numerous nut and almond products, including many varieties of flavored snack almonds, specific packs and samplers of almonds appropriate for gifts, its NUT THINS® crackers, and its ALMOND BREEZE® beverage. It also marketed and sold its nut and almond products extensively in the industrial business.

7. One of Blue Diamond Growers' signature almond flavors is marketed under its SMOKEHOUSE® mark. Blue Diamond Growers' SMOKEHOUSE® almonds have achieved considerable success and have gained widespread recognition. In 2007, the consumer retail sales of Blue Diamond Growers' SMOKEHOUSE® almonds were on the order of $44 million in the U.S. Additionally, Blue Diamond Growers is the owner of two U.S. federal registrations for SMOKEHOUSE—Registration No. 897,029, on the Principal Register, filed on August 4, 1969, registered on August 18, 1970, listed first-use date of 1958, for "shelled almonds" and Registration No. 1296610, on the Principal Register, filed on September 6, 1983, registered on September 18, 1984, listed first-use date of 1958, for "roasted, salted and flavored edible nuts."

8. Filings have been made and accepted under Section 15 of the Lanham Act for both of Blue Diamond Growers' U.S. federal registrations for SMOKEHOUSE—making Blue Diamond Growers' exclusive rights to these marks throughout the U.S. incontestable under federal law. Accordingly, under federal law, those trademark registrations are conclusive evidence that Blue Diamond Growers is the owner of the exclusive rights to those marks throughout the U.S.

9. Blue Diamond Growers is also the owner of a California state trademark registration for SMOKEHOUSE, Registration No. 47440, filed and registered on December 29, 1969; and Blue Diamond Growers is the owner of numerous registrations and applications for registration of SMOKEHOUSE in many jurisdictions internationally, also for nut and almond products.

10. Blue Diamond Growers has invested substantial time and resources into promoting and advertising its high-quality nut and almond products under its registered SMOKEHOUSE® trademarks. Plaintiff is informed and believes and on that basis alleges that the public has come to know these trademarks as designating the high-quality goods provided by Blue Diamond Growers. By virtue of the described widespread use, promotion, and recognition of these marks, the marks have acquired goodwill, valuable commercial magnetism, and a distinctiveness of secondary meaning signifying Blue Diamond Growers and the goods that it provides under these marks.

## GENERAL ALLEGATIONS AGAINST DEFENDANT

11. Plaintiff is informed and believes and on that basis alleges that Defendant Texas Best Smokehouse, Inc. applied for and gained U.S. Registration No. 3321981 for TEXAS BEST SMOKEHOUSE, on the Supplemental Register, filed on April 18, 2007, registered on October 23, 2007, listed first-use date of February 28, 2007, for among other things, "processed nuts," "candied nuts," and "unprocessed nuts and fresh nuts." Plaintiff is informed and believes and on that basis alleges that Defendant initially attempted to gain registration on the Principal Register but was denied such a registration—and forced instead to the Supplemental Register. Unlike registrations on the Principal Register, registrations on the Supplemental Register are *not* prima facie evidence of the validity of the registered mark, the registrant's ownership of the registered mark, or the registrant's exclusive rights to use the registered mark; they are *not* constructive notice of the registrant's claim of ownership; and they may *not* be filed with the Department of the Treasury or be used to stop importations.

12. On December 13, 2007, counsel for Blue Diamond Growers wrote to Defendant, advising of its U.S. federal trademark registrations for SMOKEHOUSE and noting that any use of its SMOKEHOUSE® mark by Defendant in connection with any nut or almond products would be improper and likely to confuse the public. On January 11, 2008, Defendant, through its counsel, responded that that Blue Diamond Growers' trademark registrations were "specifically limited to 'shelled almonds' and 'roasted,

salted, and flavored edible nuts'"—suggesting that this product coverage distinguished its use of SMOKEHOUSE from that of Blue Diamond Growers. Counsel for Blue Diamond Growers followed up again to note that Defendant's Supplemental Register registration expressly covered "processed nuts," "candied nuts," and "unprocessed nuts and fresh nuts"—a direct overlap of products—and objecting again to any use of its SMOKEHOUSE® mark by Defendant in connection with any nut or almond products. Blue Diamond Growers specifically demanded that Defendant cease and desist from any further use of SMOKEHOUSE and that it cancel its registration on the Supplemental Register for TEXAS BEST SMOKEHOUSE. Defendant failed to respond to that follow-up or to several additional telephone calls, until finally it responded and refused to comply with Blue Diamond Growers' requests.

13.  Plaintiff is informed and believes and on that basis alleges that Defendant continued and continues to use SMOKEHOUSE (both as part of TEXAS BEST SMOKEHOUSE and apart from that mark)—including on individual packaging of nut and almond products. In fact, Plaintiff is informed and believes and on that basis alleges that Defendant has used and continues to use SMOKEHOUSE as its branding on individual packages of nut and almond products—for example, with TEXAS BEST SMOKEHOUSE appearing directly above "ROASTED & SALTED SPANISH PEANUTS" on one package and with TEXAS BEST SMOKEHOUSE directly above "SMOKEHOUSE ALMONDS" in another (with that package using SMOKEHOUSE in two places). Defendant's use of "SMOKEHOUSE ALMONDS" is exactly the same as Blue Diamond Growers' branded name of its signature product SMOKEHOUSE® ALMONDS.

14.  Plaintiff is informed and believes and on that basis alleges that Defendant Texas Best Smokehouse, Inc. applied for and gained U.S. Registration No. 3321980 for TEXAS BEST SMOKEHOUSE, on the Supplemental Register, filed on April 27, 2007, registered on October 23, 2007, listed first-use date February 28, 2007, for "retail store services featuring general consumer merchandise" and has applied in U.S. Application Serial No. 77501073 for TEXAS BEST SMOKEHOUSE (word-design combination) for

COMPLAINT FOR TRADEMARK INFRINGEMENT                                    1540995.2

1 "retail store services featuring general consumer merchandise" and "restaurant and
2 catering services." Plaintiff is informed and believes and on that basis alleges that, based
3 on Defendant's use of SMOKEHOUSE with nut and almond products described above,
4 Defendant is also using the TEXAS BEST SMOKEHOUSE marks in U.S. Registration
5 No. 3321980 and U.S. Application Serial No. 77501073 in connection with goods or
6 services encompassing nut and almond products.

7     15.    Plaintiff is informed and believes and on that basis alleges that Defendant
8 has long known of the existence of Blue Diamond Growers, the business of Blue
9 Diamond Growers, the use of trademarks by Blue Diamond Growers in connection with
10 nut and almond products (including without limitation as marketed and sold under Blue
11 Diamond Growers' SMOKEHOUSE® marks), and specifically the two above-referenced
12 U.S. trademark registrations for SMOKEHOUSE owned by Blue Diamond Growers.
13 Among other things, Defendant at a minimum has been on constructive notice of those
14 trademark registrations; and furthermore, Blue Diamond Growers' SMOKEHOUSE®
15 almonds have long been marketed and sold in Texas, with 2007 consumer retail sales
16 on the order of $1.3 million.

17     16.    Plaintiff is informed and believes and on that basis alleges that Defendant
18 has long known specifically that the headquarters and many of the facilities of Blue
19 Diamond Growers is in California, that the almond growers that supply the almonds for
20 Blue Diamond Growers are all in California, and that many of the customers of nut and
21 almond products sold under the SMOKEHOUSE® marks are California residents, that
22 many of the sales of such nut and almond products are made in California, and that
23 many of the locations at which such nut and almond products are available are in
24 California. Accordingly, Defendant well knew that its above-stated acts and omissions
25 would impact Blue Diamond Growers in California.

26 **FIRST CLAIM FOR RELIEF**
Federal Trademark Infringement
27 15 U.S.C. § 1114[1]

28     17.    Plaintiff Blue Diamond Growers restates and re-avers the allegations of

Paragraphs 1 through 16, inclusive, as if set forth here in full as part of this claim for relief.

18.  Plaintiff is informed and believes and on that basis alleges Defendant used Plaintiff's above-described SMOKEHOUSE® trademarks in connection with nut and almond products, without valid license, permission, or rights, including without limitation on individual packages of nut and almond products. Furthermore, Defendant continues to use Plaintiff's above-described SMOKEHOUSE® trademarks without valid license, permission, or rights. In fact, Defendant has continued to and still continues to use these trademarks with full knowledge of the above-mentioned federal trademark registrations and trademark rights owned by Blue Diamond Growers.

19.  Plaintiff is informed and believes and on that basis alleges that the acts and omissions of Defendant are likely to cause, have caused, and are now causing confusion, mistake and deception in the public mind that the services or products offered by Defendant are sponsored, approved, or endorsed by Blue Diamond Growers. Further, the acts and omissions of Defendant are likely to cause, have caused, and are now causing confusion, mistake and deception in the public mind that Blue Diamond Growers and Defendant are related entities.

20.  By reason of the acts and omissions of Defendant alleged in this Complaint, Blue Diamond Growers has suffered and will suffer damage to its business, reputation and goodwill and the loss of sales and profits Blue Diamond Growers would have made but for the acts and omissions by Defendant. The brunt of this damage is felt in the State of California, which is where Blue Diamond Growers is headquartered.

21.  The wrongful acts and omissions of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause, serious irreparable injury and damage to Plaintiff and to the goodwill associated with Blue Diamond Growers marks in this District, throughout the State of California, and elsewhere. These tortious acts have caused and will continue to cause grave injury to the public as well for which plaintiff has no adequate remedy at law. Blue Diamond Growers is therefore entitled to

1  injunctive relief as hereinafter set forth.

2  22.  Defendant committed the above-described acts and omissions willfully, and under the circumstances of this case, the Court should award a multiplier of damages of up to three times under Section 35 of the Lanham Act. This is also an exceptional case under Section 35 of the Lanham Act, thereby entitling Blue Diamond Growers to its reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
False Designation of Origin
15 U.S.C. § 1125[a]

23.  Plaintiff Blue Diamond Growers restates and re-avers the allegations of Paragraphs 1 through 22, inclusive, as if set forth here in full as part of this claim for relief.

24.  The above-described use of Plaintiff's above-described SMOKEHOUSE® marks by Defendant is a false designation of origin as to the services or products made available by Defendant in interstate commerce. By virtue of the SMOKEHOUSE® marks, consumers who use or learn of the services or goods of Defendant will mistakenly believe that the goods associated with Defendant originate with, are sponsored by, or are affiliated with Blue Diamond Growers.

25.  The adoption and use by Defendant of trademarks confusingly similar to the SMOKEHOUSE® marks, the continuation of such uses, and all of the other acts and omissions of Defendant—particularly the unauthorized use of the SMOKEHOUSE® marks, as alleged above—create the likelihood that the public will be confused as to the true source, sponsorship, or affiliation of the goods or services of Defendant. As a result, Blue Diamond Growers and the public have been damaged, and unless Defendant is enjoined, will continue to be irreparably damaged further, as hereinabove alleged.

26.  Defendant committed the above-described acts and omissions willfully, and under the circumstances of this case, the Court should award a multiplier of damages of up to three times under Section 35 of the Lanham Act. This is also an exceptional case under Section 35 of the Lanham Act, thereby entitling Blue Diamond Growers to its

reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
Dilution
15 U.S.C. § 1125[c]

27. Plaintiff Blue Diamond Growers restates and re-avers the allegations of Paragraphs 1 through 32, inclusive, as if set forth here in full as part of this claim for relief.

28. The above-described use of Plaintiff's above-described SMOKEHOUSE® marks by Defendant is likely to impair and has impaired the distinctiveness of the SMOKEHOUSE® marks and their ability to identify and distinguish the goods of Blue Diamond Growers—and has also harmed the reputation of the SMOKEHOUSE® marks by associating them with Defendant.

29. The above-described acts and omissions by Defendant have caused irreparable and continuing injury to Blue Diamond Growers and the public. Defendant further willfully intended to trade on the reputation of Blue Diamond Growers and to cause dilution of its marks.

30. Defendant committed the above-described acts and omissions willfully, and under the circumstances of this case, the Court should award a multiplier of damages of up to three times under Section 35 of the Lanham Act. This is also an exceptional case under Section 35 of the Lanham Act, thereby entitling Blue Diamond Growers to its reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
Common Law Trademark Infringement and Unfair Competition

31. Plaintiff Blue Diamond Growers restates and re-avers the allegations of Paragraphs 1 through 29, inclusive, as if set forth here in full as part of this claim for relief.

32. The above-described use of Plaintiff's above-described SMOKEHOUSE® marks by Defendant and the above-described acts and omissions by Defendant constitute trademark infringement and unfair competition at common law. Blue Diamond

Growers and the public have been damaged by this infringement and unfair competition, and, unless Defendant is enjoined, will continue to be damaged.

33. The use of the SMOKEHOUSE® marks is likely to and does permit Defendant to misappropriate and unfairly trade upon the valuable goodwill and reputation of Blue Diamond Growers and will subject the goodwill and reputation in the Blue Diamond Growers word and design marks to the hazards and perils attendant upon the business activities of Defendant, activities over which Blue Diamond Growers has no control.

## FIFTH CLAIM FOR RELIEF
Injury to Business Reputation and Trademark Dilution
California Business & Professions Code § 14330

34. Plaintiff Blue Diamond Growers restates and re-avers the allegations of Paragraphs 1 through 40, inclusive, as if set forth here in full as part of this claim for relief.

35. The above-described acts and omissions by Defendant—including without limitation their use of Plaintiff's above-described SMOKEHOUSE® marks—are likely to injure the reputation of Blue Diamond Growers and dilute the distinctive quality of its marks in violation of Section 14330(a) of the California Business & Professions Code.

36. By reason of these wrongful acts and omissions by Defendant, Blue Diamond Growers has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendant have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to Blue Diamond Growers, the goodwill associated with its marks, and to the public. Blue Diamond Growers is therefore entitled to injunctive relief, as requested in this action.

## PRAYER FOR RELIEF

Plaintiff Blue Diamond Growers prays against Defendant Texas Best Smokehouse, Inc. as follows, on all claims for relief:

(1) For an order that Defendant be permanently enjoined and restrained from directly or indirectly:

(a) using any trademark or trade name including or confusingly similar to SMOKEHOUSE in connection with any nut or almond products—without a valid license or permission from Blue Diamond Growers;

(b) performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive; or to otherwise mislead the trade or public into believing that Defendant and Blue Diamond Growers are one and the same or are connected in any way;

(c) using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Blue Diamond Growers, its businesses, and the goodwill appertaining thereto;

(d) registering, maintaining a registration for, or applying to register as a trademark or tradename any trademark or trade name including or confusingly similar to SMOKEHOUSE in connection with any nut or almond products; or

(e) registering any Internet domain name incorporating or confusingly similar to SMOKEHOUSE, or its phonetic, visual, or foreign-language equivalent, in connection with any nut or almond products;

(2) For an order that U.S. Registration No. 3321981 for TEXAS BEST SMOKEHOUSE, on the Supplemental Register be canceled;

(3) For an order requiring Defendant amend U.S. Registration No. 3321980 for TEXAS BEST SMOKEHOUSE, on the Supplemental Register, to exclude any goods or services relating to nut or almond products—and if such amendment is not allowed, that such registration is canceled;

(4) That Defendant be required to pay to Blue Diamond Growers the amount of its profits and compensatory damages for the injuries sustained by Blue Diamond Growers in consequence of the acts and omissions described in this Complaint, according to proof;

1  (5) For treble damages under Section 35 of the Lanham Act;

2  (6) For its costs—and for its attorneys' fees under Section 35 of the Lanham
3  Act; and

4  (7) For such other and further relief as the Court may deem just and proper.

DATED: July 2, 2008                              HANSON BRIDGETT LLP


By: /s/ Christina M. Nugent
    SUSAN G. O'NEILL
    GARNER K. WENG
    CHRISTINA M. NUGENT
    Attorneys for Plaintiff
    BLUE DIAMOND GROWERS, a
    California corporation


## DEMAND FOR JURY TRIAL

Plaintiff Blue Diamond Growers hereby demands a trial by jury in this action as to all issues and claims for relief so triable.

DATED: July 2, 2008                              HANSON BRIDGETT LLP


By: /s/ Christina M. Nugent
    SUSAN G. O'NEILL
    GARNER K. WENG
    CHRISTINA M. NUGENT
    Attorneys for Plaintiff
    BLUE DIAMOND GROWERS, a
    California corporation

COMPLAINT FOR TRADEMARK INFRINGEMENT                              1540995.2