IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE DIAMOND GROWERS, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TEXAS BEST SMOKEHOUSE, INC., a Texas corporation,<br><br>　　　　　　Defendant. | 2:08-cv-01529-GEB-GGH<br><br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

　　　　Plaintiff's status report filed on October 10, 2008, states "Plaintiff's counsel has held telephone discussions with Texas counsel for Defendant and understands that [Plaintiff's] suggestions made [in Plaintiff's October 10 status report] are acceptable to Defendant." Therefore, the status (pretrial scheduling) conference scheduled for October 27, 2008, is vacated and the following order issues.

　　　　<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

　　　　No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

/ / /

/ / /

1

DISCOVERY

All discovery shall be completed by August 3, 2009.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before March 2, 2009, and with any rebuttal expert disclosure authorized under the Rule on or before April 6, 2009.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be October 13, 2009, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  in the granting of that motion if the movant shifts the burden to the
2  nonmovant to demonstrate a genuine issue of material fact remains for
3  trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).
4         Absent highly unusual circumstances, reconsideration of a
5  motion is appropriate only where:
6         (1)  The Court is presented with newly discovered evidence
7  that could not reasonably have been discovered prior to the filing of
8  the party's motion or opposition papers;
9         (2)  The Court committed clear error or the initial decision
10 was manifestly unjust; or
11        (3)  There is an intervening change in controlling law.
12 A motion for reconsideration based on newly discovered evidence shall
13 set forth, in detail, the reason why said evidence could not
14 reasonably have been discovered prior to the filing of the party's
15 motion or opposition papers.  Motions for reconsideration shall comply
16 with Local Rule 78-230(k) in all other respects.
17        The parties are cautioned that an untimely motion
18 characterized as a motion in limine may be summarily denied.  A motion
19 in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

21        The final pretrial conference is set for December 14, 2009,
22 at 3:30 p.m.  The parties are cautioned that the lead attorney who
23 WILL TRY THE CASE for each party shall attend the final pretrial
24 conference.  In addition, all persons representing themselves and
25 appearing in propria persona must attend the pretrial conference.
26        The parties are warned that non-trial worthy issues could be
27 eliminated sua sponte "[i]f the pretrial conference discloses that no
28 material facts are in dispute and that the undisputed facts entitle

3

1 one of the parties to judgment as a matter of law." Portsmouth Square
2 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
3   The parties shall file a JOINT pretrial statement no later
4 than seven (7) calendar days prior to the final pretrial conference.[3]
5 The joint pretrial statement shall specify the issues for trial and
6 shall estimate the length of the trial.[4]  The Court uses the parties'
7 joint pretrial statement to prepare its final pretrial order and could
8 issue the final pretrial order without holding the scheduled final
9 pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
10 Cir. 1999) ("There is no requirement that the court hold a pretrial
11 conference.").  The final pretrial order supersedes the pleadings and
12 controls the facts and issues which may be presented at trial.  Issues
13 asserted in pleadings which are not preserved for trial in the final
14 pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
15 Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
16 not preserved in the pretrial order are eliminated from the action.");
17 Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992)
18 (indicating that an issue omitted from the pretrial order is waived,
19 even if it appeared in the pleading); cf. Raney v. Dist. of Columbia,
20 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
21 to allow assertion of a previously-pled statute of limitations

---

[3]   The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4]   **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

1  defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
2  La. 1984) (indicating that "[a]ny factual contention, legal
3  contention, any claim for relief or defense in whole or in part, or
4  affirmative matter not set forth in [the pretrial statement] shall be
5  deemed . . . withdrawn, notwithstanding the contentions of any
6  pleadings or other papers previously filed [in the action]").

       If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.

## TRIAL SETTING

       Trial is set for March 23, 2010, commencing at 9:00 a.m.

## MISCELLANEOUS

       The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

       IT IS SO ORDERED.

**Dated:   October 22, 2008**

                            _____
                            GARLAND E. BURRELL, JR.
                            United States District Judge