```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| BLUE DIAMOND GROWERS, | )<br>) |
| Plaintiff, | ) 2:08-cv-1529-GEB-GGH<br>) |
| v. | ) ORDER[*]<br>) |
| TEXAS BEST SMOKEHOUSE, INC. | )<br>) |
| Defendant. | )<br>) |

Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Plaintiff alleges in its Complaint that Defendant has used its trademark "SMOKEHOUSE" with the knowledge that Plaintiff is a California corporation that owns rights to the trademark. Defendant's President Ali Sharaf declares Defendant is a Texas corporation whose sole business activity is licensing the use of the trademark "TEXAS BEST SMOKEHOUSE" to four other Texas entities.

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1  Sharaf also declares Defendant does not own or lease property in
2  California, does not have any employees or agents in California, does
3  not maintain a bank account in California, has not sold any goods or
4  services in California, has not purchased any goods or services from
5  California, and has not entered into any contracts with a resident of
6  California.
7  Plaintiff opposes the motion, arguing Defendant's actions
8  after Defendant received notice of Plaintiff's rights to the trademark
9  justifies finding specific jurisdiction exists over Defendant under
10 the "effects test." Specifically, Plaintiff's counsel declares
11 Defendant responded to Plaintiff's complaints in a telephone
12 conversation, stating that it would stop using the trademark.
13 Subsequently, in a letter sent from Defendant in Texas to Plaintiff in
14 California, Defendant stated that it had stopped using the trademark.
15 However, Plaintiff has submitted declarations evincing Defendant has
16 continued using the trademark in Texas.
17 Specific jurisdiction over a defendant is found when "(1)
18 the defendant has performed some act or consummated some transaction
19 within the forum or otherwise purposefully availed himself of the
20 privileges of conducting activities in the forum, (2) the claim arises
21 out of or results from the defendant's forum-related activities, and
22 (3) the exercise of jurisdiction is reasonable." _Pebble Beach Co. v._
23 _Caddy_, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation omitted).
24 Under the "effects test," "a foreign act that is both aimed
25 at and has effect in the forum satisfies the first prong of the
26 specific jurisdiction analysis." _Id._ at 1156 (citation omitted). "To
27 satisfy this test the defendant 'must have (1) committed an
28 intentional act, which was (2) expressly aimed at the forum state, and

1  (3) caused harm, the brunt of which is suffered and which the
2  defendant knows is likely to be suffered in the forum state.'" Id.
3  (citation omitted).

4  Defendant's communications with Plaintiff in response to
5  Plaintiff's complaints are insufficient to confer specific
6  jurisdiction over Defendant since those communications do not "give
7  rise to the current suit." Bancroft & Masters, Inc. v. Augusta Nat'l
8  Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Plaintiff's suit concerns
9  Defendant's allegedly infringing use of the trademark, not Defendant's
10 alleged misrepresentations about use of the trademark after it was put
11 on notice of Plaintiff's rights to the trademark.

12 Further, Defendant's continued use of the trademark after it
13 was put on notice of Plaintiff's rights to the trademark is
14 insufficient to satisfy the second prong of the "effects test" since
15 "[t]he fact that [Defendant] has knowledge of [Plaintiff's presence in
16 California] goes to the [third] prong of the 'effects test' and is not
17 an independent act that can be interpreted as being expressly aimed at
18 California." Pebble Beach, 453 F.3d at 1158. Therefore, Plaintiff
19 has not shown a jurisdictional basis for suing Defendant in
20 California.

21 Plaintiff also seeks jurisdictional discovery. Defendant
22 counters the requested discovery would not reveal jurisdictionally
23 relevant facts. A request for jurisdictional discovery may be denied
24 when it is "based on little more than a hunch that it might yield
25 jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d
26 1011, 1020 (9th Cir. 2008). Since Plaintiff does not indicate why
27 such discovery would be fruitful, the request is denied.
28

1   For the reasons stated, Defendant's motion is granted.  The
2 Clerk of the Court shall close this action.

3 Dated: December 19, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge